**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST. ROOM 2042
NEWARK, NJ 07102
973-645-3827

**Not for Publication**

**LETTER OPINION & ORDER**

March 7, 2011

**VIA CM/ECF**
All counsel of record

    Re:    **Alcantara, et al., v. Rotoloc Valves, et al.**
            **Civil Action No. 10-2747 (DRD)(MAS)**

Dear Counsel:

This matter comes before the Court by way of Plaintiffs Martin Alcantara and Martha Alcantara's ("Plaintiffs") motion for leave to file a first amended complaint. (Docket Entry Number ("Doc. No.") 9 ("Imperial Cert.").)[1] Rotoloc Valves, Inc. ("Defendant") opposes Plaintiffs' motion. (Doc. No. 10 ("Def.'s Opp'n Br.").) For the reasons stated below, Plaintiff's motion is GRANTED.

**I.**    **BACKGROUND**

As the parties are well versed in the facts underlying this matter, the Court will address only those facts relevant to the motion currently pending before this Court. On March 29, 2010, Plaintiffs filed a complaint demanding compensatory and punitive damages for partial amputation of Mr. Alcantara's two fingers allegedly caused by the rotary airlock valve designed by Defendant

---

[1] As an initial matter, the Court notes that Plaintiffs did not file a brief in support of their motion. Local Civil Rule 7.1(d) requires submission of a brief or a statement that no brief is necessary and the reasons therefor. Plaintiffs failed to submit either. Nevertheless, in the interests of justice and expediency, the Court will decide the within motion on its merits.

and "John Does, A-Z Unknown Corporations, Partnerships, or Single Proprietorships Which May Be Responsible, Jointly, Severally and in the Alternative." (Doc. No. 13 ("Pls.' Reply Br.") 2.) In its answer to the complaint, Defendant asserted an affirmative defense identifying "Rotoloc Limited" as the designer and manufacturer of the product that allegedly caused Mr. Alcantara's injury. (Doc. No. 3 ("Answer") ¶ 41.) Defendant's January 10, 2011 untimely interrogatory responses provided further information about Rotoloc Limited. In light of this information, Plaintiffs now seek to amend their Complaint to name Rotoloc Limited as a direct defendant. Defendant asserts that the Court should deny the motion based on undue delay and futility of amendment.

## II.  LEGAL STANDARD & ANALYSIS

Under the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision as to whether leave to amend a complaint should be granted "is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit has adopted a particularly liberal approach in favor of permitting pleading amendments so as to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Thus, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, leave to amend a pleading may be denied if the Court finds: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the non-moving party; or (4) futility of the amendment. *Id.*; *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Notably, a motion to

amend need not be denied on statute of limitations grounds based on delay or prejudice assertions, as the party asserting that the claim is time barred "will have an opportunity to file a motion to dismiss on that basis." *Ali v. D.O.C.*, No. 08-2425, 2008 WL 5111274, at *4 (D.N.J. Nov. 25, 2008). With regard to whether a motion to amend a complaint should be denied on futility grounds, a court must consider whether "the complaint, as amended, would not survive a motion to dismiss for failure to state a claim." *Keller v. Schering-Plough, Corp.*, No. 04-669, 2007 U.S. Dist. LEXIS 75318, at *7 (D.N.J. Oct. 9. 2007) (citing *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002)). "This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim . . . ; this does require, however, that the newly asserted [claims] appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). In conducting its futility analysis, the Court must "accept as true all of the factual allegations in the [proposed amended] complaint as well as the reasonable inferences that can be drawn from them." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001) (citing *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993)).

Regarding the timing of a proposed amendment, as it relates to the statute of limitations, this Court must also consider the relation back doctrine. An amended complaint relates back to the original complaint when:

- (A) the law that provides the applicable statute of limitations allows relation back;

- (B) the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or

- (C) the amendment changes the party or the naming of the party against who a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the time period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

      (i)      received such notice of the action that it will not be prejudiced in defending on the merits; and

      (ii)     knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Under the fictitious party rule, a claimant who does not know the identity of a defendant must still file an action against the defendant within the statute of limitations period by "describ[ing the] defendant in terms of what he did or failed to do which gave rise to the claim." *Royal Indem. Co. v. Petrozzino*, 598 F.2d 816, 819 (3d Cir. 1979). Furthermore, the Supreme Court of New Jersey has found an allegation that the unknown defendant is "the assembler, supplier or seller of the machine which caused the injuries" sufficiently meets the description requirement of the fictitious party rule. *Farrell v. Votator Div. of Chemetron Corp.*, 62 N.J. 111, 113 (1973) (amendment permitted where description used and plaintiff made good faith effort to discover identity of unknown parties). Courts have created an additional requirement that "the plaintiff demonstrate the exercise of reasonable diligence to ascertain the identity of the party in question and also show that the defendant will not be unduly prejudiced" in cases where, as here, plaintiffs "seek[] to name a defendant joined under a fictitious name" after the statute of limitations has expired. *Garay v. The Star Ledger*, 598 A.2d 22, 23-24 (N.J. Super. Law Div. 1991) (citing *Farell*, 62 N.J. at 116; *Hernandez v. St. James Hosp.*, 214 N.J. Super. 538 (App. Div. 1986)).

In opposing Plaintiffs' motion, Defendant first asserts that it should be denied based on Plaintiffs' undue delay, as Plaintiffs' motion fails to "set forth any reason or just cause for the delay in filing the motion." (Def.'s Opp'n Br. 3.) Defendant next argues that Plaintiffs' motion should be denied as futile because the two-year statute of limitations period for personal injury claims established by New Jersey Statute § 2A:14-2 has expired. (*Id.*) Defendant stresses that

Plaintiffs' cause of action arose November 14, 2008 and, as such, Plaintiffs' December 15, 2010 motion to amend to add Rotoloc Limited is well beyond the permitted two-year statute of limitations period. Since Plaintiffs "were advised that Rotoloc Limited designed, assembled, and manufactured the alleged involved product" by way of Defendant's Answer and Affirmative Defenses, which were served within the statute of limitations period, Defendant asserts that Plaintiffs' motion is barred. (*Id.* at 1, 3.)

Plaintiffs, on the other hand, argue that their motion to amend was timely filed pursuant to this Court's Scheduling Order and that the proposed amendment is not futile. (Pls.' Reply Br. 2.) First, regarding Defendant's undue delay assertions, Plaintiffs respond that their delay in filing the motion was caused by Defendant's ten-month delay in serving responses to interrogatories and this Court's Scheduling Order. (*Id.* at 5.) Specifically, Plaintiffs take the position that based on the Court's deadline for amendments to the pleadings, "Plaintiffs were forced to file their motion approximately two years and thirty days after the accident, based solely on information obtained in an affirmative defense to their complaint." (*Id.*) Plaintiffs argue that their motion should be granted, because the information regarding Rotoloc Limited was only recently obtained by way of Defendant's late interrogatory responses, the information is critical to their case and this matter is in its infancy and, as such, Rotoloc Limited will not suffer prejudice. (*Id.*)

Second, Plaintiffs argue that Defendant's futility arguments must fail, because "futility is not the proper grounds to deny a motion to amend on the basis of a potential statute of limitations claim." (*Id.* at 3.) Instead, Defendant will have an opportunity to file a motion to dismiss based on its statute of limitations arguments. (*Id.*) Also, Plaintiffs do not concede that the statute of limitations period was violated, as Plaintiffs complied with this Court's Scheduling Order, which required any motion to amend the pleadings to be filed by December 15, 2010. (*Id.*)

Finally, Plaintiffs assert that their motion should be granted, as the amended complaint relates back to the original complaint. (*Id.* at 4.) Plaintiffs assert that application of the relation back doctrine under Federal Rule of Civil Procedure 15(c)(1) is appropriate, because New Jersey Rule 4:26-4 permits the use of a fictitious name when a defendant's true identity is unknown, which thereafter tolls the statute of limitations.[2] (*Id.*) Here, when the complaint was initially filed, the subject rotary airlock valve was purchased from the Defendant and it was unknown if other parties should be included in the complaint, which is why Plaintiffs included fictitious parties. (*Id.*) Thus, Plaintiffs maintain that because they used a fictitious party name in the original complaint, good cause exists to grant their motion to amend to add Rotoloc Limited as a direct defendant to this litigation.

After careful consideration of the relevant factors, this Court finds that the interests of justice warrant granting Plaintiffs' motion to amend the complaint. While Plaintiffs failed to provide a good reason as to why they could not and/or did not move to amend their complaint prior to the Court's December 15, 2010 deadline based on the information in Defendant's answer and affirmative defenses, the Court finds that the delay was not undue and will not cause prejudice to the Defendant. This is particularly true in light of Defendant's untimely interrogatory responses, which were served on January 10, 2011, despite this Court's November 18, 2010 deadline. Indeed, the present case is in a relatively early stage, with fact discovery scheduled to close on April 15, 2011. Also, any delay and/or prejudice that may result against

---

[2] Specifically, under New Jersey Rule 4:26-4,

> If the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.

6

the Defendant's favor are outweighed by Plaintiffs' need to add Rotoloc Limited as a party to this matter. Rotoloc Limited designed and manufactured the product that allegedly caused Mr. Alcantara's injury and, clearly, is a critical party to Plaintiffs' claims.

Finally, the Court does not find that the proposed amendment is futile. Plaintiffs set forth sufficient facts to demonstrate that the proposed amendment relates back to the original complaint, thereby defeating Defendant's statute of limitations arguments. Moreover, Plaintiffs' use of a fictitious party name tolled the relevant statute of limitations period, as the Court finds that Plaintiffs exercised reasonable diligence to identify the Rotoloc Limited by way of the interrogatories served upon Defendant. To the extent Rotoloc Limited disagrees, it may move to dismiss the claims or otherwise respond in lieu of filing an answer. Accordingly, this Court finds good cause to grant Plaintiffs motion to amend the complaint.[3]

### III. CONCLUSION

Based on the foregoing, and for good cause shown, it is ORDERED THAT:

1. Plaintiff's motion to amend is GRANTED. Plaintiff shall file an Amended Complaint by **March 14, 2011**.

2. There shall be a telephone status conference on **March 29, 2011** at **1:30 p.m.** Plaintiffs' counsel shall initiate the call to 973-645-3827. One week prior to the conference, the parties shall submit a joint status letter to this Court. The letter shall

---

[3] As an alternative form of relief, Defendant requests that the Court require Plaintiffs to serve Rotoloc Limited, a United Kingdom company, in accordance with the federal rules. (Def's. Opp'n Br. 3.) This Opinion and Order does not dispense with any of the requirements set forth by the federal rules.

set forth the status of the case and each party's position regarding any discovery-related disputes.

/s/ Michael A. Shipp
_____
MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE